Alden L. BEAN

v.

**ALRORA TIMBER, INC.**

Supreme Judicial Court of Maine.

Argued June 8, 1984.

Decided April 2, 1985.

Mitchell & Stearns, John A. Woodcock (orally), Nathaniel M. Rosenblatt, Bangor, for plaintiff.

Rudman & Winchell, Paul H. Sighinolfi (orally), Michael Friedman, Bangor, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, GLASSMAN and SCOLNIK, JJ.

ROBERTS, Justice.

Alden Bean appeals from a decision of the Appellate Division of the Workers' Compensation Commission that affirmed the commissioner's award of benefits to him to be paid by Nathan Clement, as his employer, as well as the commissioner's denial of Bean's petition against Alrora Timber, Inc. Bean contends that the commissioner erred in his application of our decision in *Timberlake v. Frigon & Frigon*, 438 A.2d 1294 (Me.1982), and that he was an employee of Alrora. We affirm the commission's decision.

Prior to May, 1981, Alrora directly employed its woodcutting crews. In April of that year, after ceasing operations for the mud season, Alrora prepared new contracts for the crew leaders designed to establish their status as independent contractors. Clement signed one of these contracts in May, 1981, and returned to work for Alrora in June, 1981. Clement had hired Bean as a woodcutter the previous April while Clement was working at another job. Bean continued to work for Clement after the return to the Alrora job. On December 12, 1981, Bean's left leg was broken by a falling tree. In March and April, 1982, he filed petitions for compensation against both Clement and Alrora.

The commissioner concluded that, at the time of the accident, Bean was employed by Clement and that Alrora was not his

employer. Bean asserts on appeal that the commissioner improperly applied the *Timberlake* factors to the facts of his case and failed to consider whether Alrora and Clement were joint employers. We conclude that the commissioner's conclusions are within the decisional range described in *Timberlake* and that Bean has not demonstrated that the commissioner did not consider joint employment.

In *Timberlake*, we discussed the standard of review, concluding that we must defer to the commissioner's expertise where he has applied relevant legal criteria to the facts.

> [W]e recognize that there exists with regard to the issue of employment status a decisional range in which reasonable Commissioners, acting rationally, could disagree. Only when a Commissioner's decision falls outside of this range, or when a Commissioner misconceives the meaning of the applicable legal standard, are we justified in interfering with his determination.

438 A.2d at 1296. We went on to expand the legal standard to be applied in determining whether an employer/employee relationship exists for the purposes of the Workers' Compensation Act (W.C.A.). We discounted the traditional right to control test in favor of an examination of the nature of the petitioner's work and its relation to the employer's business. We decided that those considerations as well as the traditional control tests will allow the commissioners to determine whether the petitioner's occupation is "properly classified as a separate enterprise" or is "in fact an integral part of the employer's regular business." 438 A.2d at 1297 (quoting *Smith v. E.T.L. Enterprises*, 155 N.J.Super. 343, 382 A.2d 939, 942 (1978)).

■ On the record before us, we cannot say that the commissioner misconceived the applicable legal standard. The commissioner found that Bean believed he was employed by Clement, that he was hired and paid by Clement, that Clement eventually supplied him with equipment, that he was told when and how to cut and was supervised by Clement, that Clement controlled the hours of his employment, that Clement could terminate his employment, and that his work was part of Clement's regular business. The commissioner also found that Bean's work was independent of and distinct from that of Alrora, that Alrora did not supply him with equipment, that Alrora instructed Clement and his crews where to cut but not when or how to cut, that Alrora did not control Bean's hours, that Bean was not on Alrora's payroll and that, according to the Alrora vice president's testimony, Alrora could not fire any of Clement's crew. The commissioner concluded that Alrora had discontinued its employment relationship with its woodworkers, entered into contracts with crew leaders to harvest the timber and increased the per cord payment to cover the cost of workers' compensation premiums. The commissioner's decision thus encompassed both the right to control and the relative nature of the work considerations in making his decision.

■ Bean is also unable to demonstrate that the commissioner failed to consider that Clement and Alrora were joint employers. The concept of joint employment and joint liability under workers' compensation statutes is discussed by Professor Larson and is established in several states. *See* IC A. Larson, *The Law of Workmen's Compensation*, § 48.40 (1982) and cases cited therein. We need not decide the existence or scope of a joint employment rule in this state because we conclude that Bean has not demonstrated that the commissioner did not consider the possibility of joint employment. The commissioner, in his findings, clearly stated both his reasons for finding Clement to be Bean's employer as well as his reasons for finding that Alrora was not Bean's employer. We cannot say, therefore, that the commissioner erred in failing to conclude that there existed joint employment in this case.

The entry is:

Judgment affirmed.

All concurring.